IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DENNIS P. WALKER and DIANA WALKER,** | ) ) ) | **CASE NO. 8:05CV405** |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | **ON MOTION FOR RECONSIDERATION** |
| **ATLAS MORTGAGE SERVICES, LLC, and SETH ROBERTS,** | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Reconsideration (Filing No. 13) of this Court's Order of June 13, 2006 (Filing No. 12), confirming the arbitration award of April 14, 2006 (Filing No. 9, Ex. A). The Plaintiffs oppose the Motion for Reconsideration (see Filing Nos. 14 and 15), noting that the Defendants' opposition to the Motion to Confirm Arbitration Award was untimely, and that the Defendants' belated Motion to Vacate Arbitration Award (Filing No. 13-2) provides no grounds for the Court to vacate, modify, or correct the arbitration award pursuant to 9 U.S.C. §§ 10-11.

NECivR 60.1(c) provides:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of (1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

The Court's Order of June 13, 2006, granted the Plaintiffs' Motion to Reopen Case and Confirm Arbitration Award (Filing No. 9) pursuant to 9 U.S.C. § 9, which mandates the summary confirmation of arbitration awards that have not been vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10-11. "Under § 9 of the Arbitration Act, 'the court must grant [a confirmation] order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *Domino Group, Inc. v. Charlie Parker*

*Memorial Foundation,* 985 F.2d 417, 420 (8th Cir. 1993), quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). Although counsel for the Defendants entered his appearance (Filing No. 11), he did not then oppose the Plaintiffs' motion.[1]

I recognize that the Defendants had three months from April 14, 2006, in which to submit a motion to vacate, modify, or correct the arbitration award under 9 U.S.C. § 12, and, so, the Defendants could have raised defenses to the Plaintiffs' motion to affirm in accordance with 9 U.S.C. §§ 10 and 11.[2] The Defendants state that it was their intention to submit a Motion to Vacate Arbitration Award (Filing No. 13-2), noting that the "Plaintiffs [sic] believe the arbitration was improperly conducted due to the evident partiality of the arbitrator." (*Id.*, ¶ 7). Allegedly, the arbitrator showed "egregious bias and probably should have, but did not, recuse himself" and the "arbitration was conducted without due process." (*Id.*, ¶ 8). The Defendants now request ninety days in which to conduct discovery to seek evidentiary support for these conclusory allegations.

Although I am sympathetic to the Defendants' explanation for their failure to oppose the Plaintiffs' Motion to Confirm Arbitration Award, I cannot conclude that the Order affirming the award was entered in error or that the Order will result in any manifest injustice. The Defendants have presented no facts from which this Court can infer that

---

[1] The Plaintiffs' Motion to Reopen Case and Confirm Arbitration Award, supported by an index of evidence, was filed on April 21, 2006. Copies were served on the Defendants on April 24, 2006, and on defense counsel on April 25, 2006. The Defendants' current counsel entered his appearance on May 23, 2006. The Court's Order Confirming Arbitration Award was filed on June 13, 2006. (See Filing Nos. 8 - 12).

[2] "[A] party may not assert a defense to a motion to confirm that the party could have raised in a timely motion to vacate, modify, or correct the award." *Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1988).

any basis for vacation, modification, or correction of the award exists.[3]  Instead, it appears that the Defendants are merely dissatisfied with the result of the arbitration proceeding and are seeking an opportunity to conduct discovery in the hope of finding some evidence of bias on the part of the arbitrator – a maneuver that I would not have permitted on this record even if the request had been timely made.

IT IS ORDERED:

The Defendants Motion for Reconsideration (Filing No. 13) is denied.

DATED this 30th day of June, 2006.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge

---

[3] Defendants have submitted no evidence to support vacating the award.
"Under the Federal Arbitration Act (FAA), a court may only vacate an arbitration award:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10(a). In addition to the grounds enumerated in the FAA, we have recognized two "extremely narrow" extra-statutory bases for vacating an arbitration award where the award is either completely irrational or manifests a disregard for the law. "
See Manion v. Nagin 392 F.3d 294, 298 (8th Cir. 2004)(citing Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001)).