IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DENNIS P. WALKER, and<br>DIANA WALKER,<br><br>    Plaintiffs,<br><br>v.<br><br>ATLAS MORTGAGE SERVICES, and<br>SETH R. ROBERTS,<br><br>    Defendants. | CASE NO. 8:05CV405<br><br><br>ORDER AND MEMORANDUM<br>ON MOTION TO VACATE, SET ASIDE<br>OR MODIFY ARBITRATION AWARD |

The Defendants, in their most recent Motion to Vacate, Set Aside or Modify Arbitration Award (Filing No. 17), invite the Court to re-examine its previous Order denying Defendants' Motion for Reconsideration (Filing No. 16). The new motion, like the Motion for Reconsideration (Filing No. 13), is untimely, and will be denied. Consequently, the Motion for Leave to File Supplemental Record in Support of Renewed Motion to Vacate, Set Aside or Modify Arbitration Award (Filing No. 20) is also denied as moot.[1]

## Procedural History

Plaintiffs filed a complaint in Nebraska District Court pursuant to their mortgage agreement with the Defendants. Defendants removed the case to this Court, and there was a joint stipulation to dismiss the case without prejudice to permit arbitration. Plaintiffs attained an award at arbitration (which took place on March 14 and 15, 2006), and on April 21, 2006, Plaintiffs filed a motion in this Court to re-open the case *and confirm the*

---

[1] Filing No. 13 may have been more properly entitled Motion to Vacate, Set Aside or Modify Arbitration Award, and the filing at issue now, Filing No. 17, would then be a motion to reconsider or renew that motion. Although Filing No. 17 is entitled Motion to Vacate, Set Aside or Modify Arbitration Award, it is noted that Filing No. 20 is entitled Motion for Leave to File Supplemental Record in Support of *Renewed* Motion to Vacate, Set Aside or Modify Arbitration Award.

*arbitration award* (Filing No. 8). Although Defendants entered their appearance on May 23, 2006, the Defendants did not oppose the Plaintiffs' motion. Therefore, on June 13, this Court entered an Order re-opening the case and confirming the arbitration award (Filing No. 12). Thereafter, Defendants filed a Motion to Reconsider, which was denied on June 30, 2006. On July 13, Defendants filed the motion at issue now, a Motion to Vacate, Set Aside or Modify Arbitration Award, and on July 17 the Defendants filed a Motion for Leave to Supplement Record in Support of Renewed Motion to Vacate, Set Aside or Modify Arbitration Award.

## Analysis

### A. Timeliness

The Defendants cite a Washington state case in support of their argument that the previously-denied Motion to Reconsider was timely. The case on which the Defendants rely involved the interpretation of a Washington state arbitration statute,[2] and not the Federal Arbitration Act ("FAA"), 9 U.S.C.A. §§ 1–14 (1999).

One court has considered whether the *FAA* permits a party to seek the vacation of an arbitration award after the award has been confirmed. In *The Hartbridge*, 57 F.2d 672 (2nd Cir. 1932), the United States Court of Appeals for the Second Circuit was first asked to

---

[2] Defendants rely on the Washington case of *Martin v. Hydraulic Fishing Supply, Inc.*, 66 Wash.App. 370, 832 P.2d 118 (Wash.App. Div. 1, 1992). In that case, the Washington Court of Appeals concluded that despite the fact that the motion to vacate came after the trial court affirmed the arbitration award, the losing party could still file a motion to vacate within the statutory 90-day window. However, this decision appears to stem from a statutory construction that is not applicable to the FAA. "[T]he fact that RCW 7.04.150 refers to the vacation, modification or correction of an award *in the present rather than the past tense* appears to mean that RCW 7.04.150 is not intended to cut off a party's rights under RCW 7.04.180 before the 3-month period it provides for has expired." *Id*. at 373–74, 832 P.2d at 120 (emphasis added). This decision appears to rely on the interplay of the tense between the two sections of the Revised Code of Washington.

determine whether a party seeking to confirm an arbitration award was required to wait until the expiration of the entire time 9 U.S.C.A. § 12 ("Section 12") of the FAA allows for a motion to vacate an award.  That court found that although Section 12 directs that a motion to vacate must be filed within three months, "there is nothing in such requirement to suggest that the winning party must refrain during that period from exercising the privilege conferred by section 9 to move 'at any time' within the year [to confirm the award]."  *The Hartbridge*, 57 F.2d at 673.  Because a prevailing party can file a motion to confirm the award *any time* within one year, including any time within the three-month period available for a motion to vacate, a losing party's time allotted under Section 12 can be cut short.  "[A] motion to confirm puts the other party to his objections.  He cannot idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed."  *Id*.  Section 12 is best viewed as setting an outside limit, and "[a]fter judgment . . . the award can be vacated only if the judgment can be, and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard."  *Id*.

While the Defendants are correct that the Eighth Circuit has not ruled on the issue at hand, I decline to adopt the approach of the Washington Court of Appeals in its interpretation of its state statutes.  The Supreme Court has stated that "passage of the [FAA] was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered, and we must not overlook this principal objective when construing the statute . . . ."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 220 (1985).  It is contrary to that intent and case law[3] to grant a motion to vacate a confirmation of an award when the

---

[3] "[A] party may not assert a defense to a motion to confirm that the party could have raised in a timely motion to vacate, modify, or correct the award."  *Sanders-Midwest, Inc. v.*

party seeking to vacate the award was given sufficient notice of a motion to confirm the award and time to respond to that motion. In this case, Defendants were notified of the Plaintiffs' Motion to Reopen Case and Confirm Arbitration Award (Filing No. 8). Defendants did not oppose the motion, and it was granted (Filing No. 12). There appear to be no circumstances that would warrant the vacating of the judgment.[4] As stated in the Order on Motion for Reconsideration, I am sympathetic to the Defendants' explanation for their failure to oppose the Plaintiffs' Motion to Confirm Arbitration Award. However, I cannot conclude that the Order affirming the award was entered in error or that the Order will result in an injustice.

**B. Merits of Defendants' Claims**

Although the Defendants' request for leave to file a supplemental record (Filing No. 20) will be denied as moot, the materials submitted by the Defendants have been considered by the Court to determine whether some manifest injustice may result from the Court's affirmation of the arbitration award and its denial of the Defendants' motion for reconsideration. The Defendants present two arguments for vacation:[5] (1) the arbitrator's

---

*Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1988). Similarly, a party should not be permitted to assert claims in a motion to vacate an award that the party could have raised in a timely opposition to a motion to confirm the award.

[4] The Plaintiffs, in both of their Briefs in Opposition to Defendants' motions, suggest that Defendants' motions should (procedurally) be viewed as asking the Court to amend its judgment per Federal Rule of Civil Procedure 59. Although well taken, the Defendants' continued insistence on a three-month window indicates that they are attempting to proceed through Section 12 of the FAA, and not Rule 59.

[5] The Defendants' motions and memoranda include passing references to other "defenses," suggesting that the arbitrator's ruling was "contrary to law and fact" (Filing No. 18, 8) and "overreaching" (Filing No. 21, 3). These allegations are intertwined with the Defendants' claim that the arbitrator demonstrated a manifest disregard of the law, and the arguments are therefore rejected under that rationale.

decision was a manifest disregard of the law; and (2) the arbitrator's decision was the object of evident partiality.

To demonstrate that an arbitrator engaged in a manifest disregard of the law, there must be some evidence in the record, other than the result, that the arbitrator was aware of the law and intentionally disregarded it. *See Marshall v. Green Giant Co.*, 942 F.2d 539, 550 (8th Cir.1991). "Manifest disregard requires something more than a mere error of law. If an arbitrator, for example, stated the law, acknowledged that he was rendering a decision contrary to law, and said that he was doing so because he thought the law unfair, that would be an instance of manifest disregard.'" *Lincoln Nat'l. Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004). There is no such disregard of the law suggested in this case. Rather, the Defendants claim that the arbitrator was incorrect in his findings. As in *Lincoln Nat'l Life Ins. Co.*, where the Eighth Circuit Court of Appeals found that "[a]lthough the [losing side] argue[s] that the arbitrators' decision was mistaken, and perhaps it was, they have not convinced us that the arbitrators manifestly disregarded the law," *id.*, I find that there is no indication of manifest disregard for the law on the part of the arbitrator in this case.

Under 9 U.S.C.A. § 10(a)(2), the FAA allows for challenges based on evident partiality or corruption of the arbitrator, but such challenges to arbitration awards are limited. "Challenges to arbitration awards based on partiality generally involve claims that the arbitrators failed to disclose relationships that 'create an impression of possible bias.'" *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 995 (8th Cir. 1999) (quoting *Olson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 51 F.3d 157, 159 (8th Cir.1995)). Here, no such relationship is alleged, and there is no indication that the arbitrator had any financial or personal interest in the outcome of the arbitration. Rather, the only

suggestion of partiality is based on the residency of the parties and the arbitrator, the location of the arbitration, and the fact that the Defendants were not represented by local counsel. These facts do not rise to a level required for vacation of an award under the FAA.[6]

Even if the Defendants had filed a timely opposition to the Plaintiffs' motion to affirm the arbitration award, or a timely motion to vacate the award, it appears highly unlikely that the result in this case would have been anything other than a confirmation of the arbitration award.

IT IS ORDERED:

1. The Defendants' Motion to Vacate, Set Aside or Modify the Arbitration Award (Filing 17) is denied.

2. The Defendants' Motion for Leave to File Supplemental Record in Support of Renewed Motion to Vacate, Set Aside or Modify Arbitration Award (Filing No. 20) is denied as moot.

DATED this 14th day of August, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[6] Even the Defendants in their Original Memorandum in Support of Motion to Vacate, Set Aside or Modify Arbitration Award admit that these facts offered "do not rise to the level of the type of bias that would justify setting aside an arbitration award." (Filing No. 18, 8). Although the Defendants, in their Motion for Leave to Supplement the aforementioned motion, add (1) the capping of one claim to $150,000 and (2) the manufacturing of attorney's fees by finding a RESPA violation as clear indications of bias, these allegations would not support a finding of arbitrator partiality.